# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert William Steinke, Jr. | : | |
| | : | |
| v. | : | No. 1503 C.D. 2024 |
| | : | ARGUED: May 12, 2026 |
| Wallingford-Swarthmore | : | |
| School District and Kate Plows, | : | |
| Appellants | : | |

BEFORE:   HONORABLE LORI A. DUMAS, Judge
HONORABLE STACY WALLACE, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  July 24, 2026**

Appellants Wallingford-Swarthmore School District and Kate Plows appeal from an order of the Court of Common Pleas of Delaware County, which overruled Appellants' preliminary objections asserting immunity from claims for defamation and false light/invasion of privacy brought by Appellee Robert William Steinke, Jr.  We reverse the trial court as to the School District and quash Ms. Plows' appeal.

Appellee avers the following in his amended complaint.  Appellee attended Strath Haven High School for the 2022-23 school year.  In November 2022, the Strath Haven student newspaper published an article about student conduct that occurred before and during a September 1, 2022 football game, which Appellee attended.  The article alleged that Strath Haven students engaged in unacceptable and racist behavior during the game and posted racist comments to a student-led Instagram account, "pantherpack_section."  Reproduced Record (R.R.) at 9a.

Appellee denied any misconduct or affiliation with the pantherpack_section Instagram account. The student newspaper published a photograph of several students, including Appellee, alongside the article; however, the photograph was not taken at the September 1 game but at a subsequent game played on September 9, 2022. Appellee alleges that following the article's publication several students and School District teachers and staff made disparaging comments to him, calling Appellee "the face of racism at Strath Haven," and asking if Appellee was "the angry kid from the article." *Id.* at 9a-10a.

Appellee avers that Ms. Plows, the School District employee responsible for the student newspaper, acted willfully, intentionally, with actual malice or engaged in willful misconduct, and with reckless disregard for the truth, as Ms. Plows knew, or should have known, that the photograph of Appellee was not taken at the September 1 game and that Appellee was not associated with the pantherpack_section Instagram account. Therefore, Appellee asserted claims for defamation, false light/invasion of privacy, and intentional infliction of emotional distress (IIED) against both Appellants, and sought damages exceeding $50,000, punitive damages, and costs.

Appellants filed preliminary objections in the nature of a demurrer, asserting that the School District could only be liable for negligence claims that fell within one of the enumerated exceptions to governmental immunity in Section 8542(b) of what is commonly known as the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b). Because Appellee only raised intentional tort claims, Appellants argued that the School District was absolutely immune from suit. In addition, Appellants asserted that Ms. Plows was entitled to immunity, as the facts pled in the amended complaint did not support Appellee's intentional tort claims. Finally, Appellants argued that Appellee failed to plead the elements required for

2

defamation, false light/invasion of privacy, and IIED, and that the School District could not be liable for punitive damages.

The trial court sustained Appellants' preliminary objection as to Appellee's IIED claim but overruled the remaining preliminary objections.[1] The trial court opined that the official liability, official immunity, indemnity, and limitations on damages provisions in the Tort Claims Act do not apply where it is judicially determined that an employee's act caused the injury and the act constituted a crime, actual fraud, actual malice, or willful misconduct. *See* 42 Pa.C.S. § 8550 (willful misconduct). Because Appellee alleged that Ms. Plows acted with actual malice or engaged in willful misconduct in relation to the published article and that Ms. Plows acted with reckless disregard for the truth in publishing Appellee's photo, the trial court reasoned that Appellee should be allowed to develop the facts necessary to prove his defamation and false light claims. The instant appeal followed. In a March 2025 Memorandum and Order, this Court directed the parties to address the appealability of the trial court's order overruling, in part Appellants' preliminary objections.

The issues before the Court are whether the trial court's order is an appealable collateral order under Pa.R.A.P. 313(b) [Rule 313(b)], and whether the trial court erred in overruling Appellants' preliminary objection because the School District is absolutely immune from suit and Ms. Plows is entitled to official immunity.

The collateral order doctrine permits an appeal as of right from a non-final collateral order, provided the order meets the following requirements: (1) the order is separate from and collateral to the underlying action; (2) the right involved

---

[1] The trial court also overruled Appellee's preliminary objections to Appellants' preliminary objections, which asserted that Appellants' immunity defense should have been raised in new matter.

is too important to be denied review; and (3) the claim will be irreparably lost if review is postponed until final judgment. Rule 313(b); *MFW Wine Co., LLC v. Pa. Liquor Control Bd.*, 318 A.3d 100, 112 (Pa. 2024). The collateral order doctrine is narrowly construed, and each prong – separability, importance, and irreparability – must be "clearly present" before appellate review is permitted. *Shearer v. Hafer*, 177 A.3d 850, 858 (Pa. 2018) [quoting *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003); *Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999)].

To determine whether an order is separable from and collateral to the main cause of action, the Court looks to "whether review of the order involves the merits of the underlying cause of action." *Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 364 (Pa. 2021). The order on appeal must be "entirely distinct from the underlying issue in the case." *Shearer*, 177 A.3d at 858. The importance prong of the collateral order doctrine "considers whether the order involves rights deeply rooted in public policy going beyond the particular litigation at hand." *Commonwealth v. Williams*, 86 A.3d 771, 782 (Pa. 2014). A right is important if "the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." *Id.* To satisfy the irreparability prong, "the matter must be effectively unreviewable on appeal from final judgment." *J.C.D. v. A.L.R.*, 303 A.3d 425, 432 (Pa. 2023) [quoting *Commonwealth v. Wells*, 719 A.2d 729, 730 (Pa. 1998)]. In other words, the interest at stake cannot be vindicated by an appeal from a final judgment.

Appellants argue that immunity under the Tort Claims Act entitles them to immunity from suit, not merely a defense to liability. Therefore, the trial court's order is separable from and collateral to Appellee's claims for defamation and false light/invasion of privacy. As for the importance prong of the collateral order doctrine, Appellants contend that governmental immunity is deeply rooted in

4

concerns for public policy and governmental interest in preserving public funds against large recoveries in tort cases. Finally, Appellants argue that their right to governmental immunity will be irreparably lost if it is only subject to appellate review following the entry of a final judgment.

Appellee counters that Appellants' immunity is intertwined with the merits of the underlying causes of action and, therefore, the trial court's order is not separable from and collateral to the main causes of action. Appellee relies on the abrogation of immunity under Section 8550 of the Tort Claims Act, arguing that the immunity issue cannot be resolved apart from the factual allegations central to the defamation and false light/invasion of privacy claims. Finally, Appellee argues that Appellants' right to immunity would not be irreparably lost, as the issue can be raised at later stages of the litigation.

We reject Appellee's argument as to the School District, which is liable only for the negligent acts of its employees, subject to the exceptions to immunity in Section 8542(b).[2] Appellee has asserted only intentional torts in his amended complaint and, therefore, the issue of whether the School District is entitled to immunity does not require any analysis of the underlying claims. Thus, Appellants have established that the trial court's order is separable from the main causes of action, satisfying the separability prong of the collateral order doctrine.

Turning to the importance prong, this Court has held that governmental immunity is "too important to evade review before final judgment." *N.N. v. Sch. Dist. of Phila.*, 349 A.3d 1081, 1087 (Pa. Cmwlth. 2025) [citing *Brooks*, 259 A.3d at 373 (immunity is designed to protect from the lawsuit itself, not simply act as a

---

[2] Liability may be imposed for the following acts: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) care, custody, or control of animals; and (9) sexual abuse. 42 Pa.C.S. § 8542(b).

5

shield from judgment or liability)]. As a result, Appellants have also satisfied the importance prong of the collateral order doctrine.

For the same reason, we agree with Appellants that the School District's right to governmental immunity will be irreparably lost if it cannot obtain appellate review of the trial court's order until it first litigates the matter to final judgment. Allowing such litigation to proceed would clearly undermine the purpose of governmental immunity, which protects against suit in the first place. Because all three prongs of Rule 313(b) are satisfied, the trial court's order is an appealable collateral order, at least as it relates to the School District. Thus, we will consider the merits of the School District's immunity claim.

Appellants argue that the School District is absolutely immune from liability for intentional torts and, therefore, the trial court erred in overruling preliminary objections to the School District's liability. We agree. As noted above, the School District is liable only for negligent torts that fit within the exceptions to governmental immunity; it is not liable for intentional torts committed by an employee. 42 Pa.C.S. §§ 8542(a)(2), 8550. Defamation and false light/invasion of privacy are intentional torts. *Kull v. Guisse*, 81 A.3d 148, 157 (Pa. Cmwlth. 2013). Because the School District is immune from suit for the intentional torts alleged by Appellee, the trial court erred in overruling Appellants' preliminary objection raising the School District's entitlement to governmental immunity.

Turning to Ms. Plows, Section 8545 of the Tort Claims Act generally provides official immunity to a local agency employee, provided the alleged injuries are caused by acts of the employee that are within the scope of her office or duties. 42 Pa.C.S. § 8545. Official immunity is abrogated under Section 8550 of the Tort Claims Act where "it is judicially determined that the act of the employee caused the injury and that such act constituted . . . actual malice or willful misconduct[.]" 42

6

Pa.C.S. § 8550. In the context of Section 8550, "willful misconduct" means "willful misconduct aforethought," which is synonymous with "intentional tort." *Balletta v. Spadoni*, 47 A.3d 183, 196 (Pa. Cmwlth. 2012) [citing *R.H.S. v. Allegheny Cnty. Dep't of Hum. Servs., Off. of Mental Health*, 936 A.2d 1218, 1230 (Pa. Cmwlth. 2007)]. In the context of Appellee's claims, willful misconduct means that Ms. Plows "desired to bring about the result that followed," or that she was at least "aware that it was substantially certain to ensue." *Renk v. City of Pittsburgh*, 641 A.2d 289, 291 (Pa. 1994) [citing *Evans v. Phila. Transp. Co.*, 212 A.2d 440, 443 (Pa. 1965)].[3] "[T]o establish willful misconduct, it must be shown that an employee *intentionally* committed a wrongful act." *Pettit v. Namie*, 931 A.2d 790, 801 (Pa. Cmwlth. 2007) (emphasis in original).

This Court recently addressed the separability prong of the collateral order doctrine and immunity in *Golden Mile Associates v. Department of Transportation*, 354 A.3d 109 (Pa. Cmwlth. 2026). *Golden Mile* concerned a dispute between a property owner and municipality regarding which entity was responsible for repairing a drainage pipe and maintaining the drainage easement in which it was located. The municipality filed a motion for summary judgment, arguing that the negligence action filed by the property owner did not fall within one of the

---

[3] In *Renk*, the Supreme Court held that case law equating willful misconduct with intentional torts had "no validity in the context of a lawsuit based upon police conduct." *Renk*, 641 A.2d at 293. Such matters require a separate finding of willful misconduct. *See Scott v. Canela-Perez*, 344 A.3d 140 (Pa. Cmwlth. 2025) (trial court erred in failing to provide separate jury instruction on willful misconduct, as finding that police officer committed an intentional tort did not equate to finding of willful misconduct); *York v. Kanan*, 298 A.3d 533, 547 (Pa. Cmwlth. 2023) (trial court did not err in issuing separate jury instructions on tort liability and willful misconduct under Section 8550). Although the Court in *Scott* held that separate jury instructions were required for tort liability and willful misconduct, the Court "express[ed] no opinion" as to whether other circumstances existed in which willful misconduct was "subsumed within the elements of an intentional tort," obviating the need for a separate finding of willful misconduct to defeat immunity. *Scott*, 344 A.3d at 149 n.8.

exceptions to immunity in Section 8542(b) of the Tort Claims Act. The trial court denied the motion and the municipality appealed to this Court, citing the collateral order doctrine. Ultimately, the Court held that the issue of who owned the drainage pipe and easement was "**essential to both the immunity claim and to the underlying merits**" of the dispute. *Id.* at 115 (emphasis in original). Accordingly, the Court quashed the municipality's appeal as the trial court's order was not appealable as a collateral order.

Instantly, Appellee avers that Ms. Plows acted with actual malice or engaged in willful misconduct and acted with reckless disregard for the truth of the publication. For the defamation claim, Appellee alleges that Ms. Plows published Appellee's photograph with an article accusing the individuals pictured of "engaging in racist conduct on the very night [Appellee] was photographed." R.R. at 11a. Ms. Plows thus made "statements" suggesting that Appellee engaged in misconduct at a football game and participated in a "racist online Instagram account." *Id.* As for his claim for false light/invasion of privacy, Appellee alleges that Ms. Plows' inclusion of his photograph in the article portrayed him to the public in a false light, which would be offensive to a reasonable person. In addition, Appellee alleges that Ms. Plows knew he had not engaged in any misconduct at the September 1 football game and that he was not affiliated with the "pantherpack_section" Instagram account, and Ms. Plows acted in "reckless disregard as to the falsity of the publicized matter and the false light in which [Appellee] would be placed." *Id.* at 12a.

Our analysis here is not unlike that presented in *Golden Mile*, as the issue of Ms. Plows' immunity is not "entirely distinct" from Appellee's intentional tort claims. Whether Ms. Plows is entitled to immunity will depend upon whether she acted willfully or negligently. Thus, resolution of the immunity issue would require "analysis of the merits of the underlying dispute[.]" *Shearer*, 177 A.3d at

8

858 (citations omitted). Given this overlap between Ms. Plows' right to immunity and Appellee's underlying tort claims, the Court concludes that the trial court's order does not satisfy the separability prong. As for the remaining prongs, while immunity is clearly an important right, Ms. Plows' entitlement thereto will be determined with the merits of the underlying causes of action. Therefore, the trial court's order, as it relates to Ms. Plows, is not immediately appealable under Rule 313(b).

For the reasons set forth herein, as to the School District, the trial court's order is an appealable collateral order under Rule 313(b), and the School District is immune from liability for the intentional torts pled in Appellee's amended complaint, but the trial court's order is not similarly appealable as to Ms. Plows. Accordingly, we reverse the trial court to the extent it overruled the School District's preliminary objections raising immunity, and we quash Ms. Plows' appeal.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert William Steinke, Jr.       :
      :
      v.       :    No. 1503 C.D. 2024
      :
Wallingford-Swarthmore       :
School District and Kate Plows,       :
      Appellants       :

# **O R D E R**

AND NOW, this 24th day of July, 2026, the order of the Court of Common Pleas of Delaware County is hereby REVERSED, to the extent it overruled preliminary objections raising Wallingford-Swarthmore School District's entitlement to governmental immunity. Kate Plows' appeal is hereby QUASHED, as the trial court's order, as to her, is not an appealable collateral order under Pa.R.A.P. 313(b).

 

                               _____
                               **BONNIE BRIGANCE LEADBETTER,**
                               President Judge Emerita